## IN THE SUPREME COURT OF MISSISSIPPI
## NO. 1999-CA-01635-SCT

*JAY JONATHAN BAILEY*

*v.*

*OSSAMA AL-MEFTY, M.D.*

| | |
|---|---|
| DATE OF JUDGMENT: | 09/13/1999 |
| TRIAL JUDGE: | HON. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | ALAN D. LANCASTER |
| | LEONARD BENJAMINE COBB |
| ATTORNEYS FOR APPELLEE: | MARTIN R. JELLIFFE |
| | GEORGE QUINN EVANS |
| | CAROLYN ALLEEN MCLAIN |
| NATURE OF THE CASE: | CIVIL - MEDICAL MALPRACTICE |
| DISPOSITION: | REVERSED AND REMANDED - 09/13/2001 |
| MOTION FOR REHEARING FILED: | 10/12/2001; denied 2/21/2002 |
| MANDATE ISSUED: | 2/28/2002 |

### BEFORE BANKS, P.J., MILLS AND DIAZ, JJ.

### DIAZ, JUSTICE, FOR THE COURT:

¶1. On December 31, 1996, Jay Jonathan Bailey (Bailey) filed suit in the First Judicial District of Hinds County Circuit Court against Dr. Ossama Al-Mefty (Al-Mefty) seeking damages for injuries allegedly stemming from an operation performed on July 26, 1990, at the University of Mississippi Medical Center (UMC). Bailey asserts that the surgery was negligently performed due to Al-Mefty's failure to employ the proper medical knowledge and skill in his diagnosis, treatment and care of Bailey.

¶2. On June 8, 1999, Al-Mefty moved for summary judgment on the basis that he qualified as an employee with individual immunity under the Mississippi Tort Claims Act (MTCA) and that Bailey failed to comply with numerous filing provisions of the MTCA, Miss. Code Ann. §§ 11-46-1 to-23 (Supp.2001). More importantly, Al-Mefty asserted that Bailey had not filed his claim within the applicable statute of limitations. Bailey filed a response denying that the MTCA applied to his claims since they arose out of an incident occurring before the law's passage. Al-Mefty replied still asserting the applicability of the MTCA and his contention that Bailey's claims were time barred. Bailey then moved for leave to amend the complaint which prompted an objection from Al-Mefty. Bailey filed a subsequent response to the objection by Al-Mefty. Finally, on September 14, 1999, the trial court granted Al-Mefty's motion for summary judgment and, at the same time, denied Bailey's motion for leave to amend the complaint. From that ruling, Bailey filed a timely appeal alleging that the trial court erred by (1) applying the terms and provisions of the MTCA to the present situation and (2) denying the motion for leave to amend the complaint to include claims of fraudulent concealment and fraudulent misrepresentation.

## FACTS

¶3. Since this matter concerns the propriety of summary judgment and statutory interpretation, the truly relevant facts are those detailing the procedural posture, as previously described. However, a brief description of the factual situation giving rise to this suit may be helpful, if only for clarity of circumstance.

¶4. Bailey first began seeing Al-Mefty in June 1990, seeking relief from persistent headaches, dizziness, and vertigo that had previously been unresponsive to medical treatment. At the time in question, Al-Mefty was a neurosurgeon and instructor at UMC in Jackson, Mississippi. In examining Bailey, MRI scans showed an abnormality in his right petrous apex which would require surgery, specifically a right temporal craniotomy and resection of the cholesteatoma. As such, Bailey was admitted to UMC for treatment on July 24, 1990. After being informed of possible risks, Bailey consented to the procedure, and Al-Mefty, assisted by Dr. Lynn Rogers, performed the surgery on July 26, 1990. Following the operation, Al-Mefty communicated to Bailey's parents that the procedure had gone well and the cholesteatoma had been successfully removed. Bailey was finally discharged on August 2, 1990.

¶5. Through September of 1990, Bailey continued to see Al-Mefty for follow-up treatment. During this time, Bailey complained that his symptoms had not abated and was informed by Al-Mefty that these were merely side-effects of the operation and that it could take up to five years for Bailey to "get back to normal." In March 1991, Al-Mefty moved his practice to Arkansas, and Bailey came under the care of Dr. Lon Alexander as well as several other neurologists, psychologists, and psychiatrists.

¶6. For the next few years, Bailey continued to experience symptoms similar to those suffered prior to the operation . Then, on December 10, 1994, he suffered a severe attack of vertigo and was taken to UMC. There he was examined by Dr. Anand and MRIs were taken. These MRIs were interpreted as showing post-surgical change in the right petrous apex or possibly petrous apicitis and cholesterol granuloma formation, but Dr. Anand suggested getting a second opinion. It was at this time that Bailey came under the care of Dr. John Shea, III and Dr. Jon Robertson, both of Memphis, Tennessee. During a consultation on April 5, 1995, Bailey contends he was informed that the cholesterol granuloma had not been removed during his previous surgery and had in fact increased in size.

¶7. On April 12, 1995, Dr. Shea, assisted by Dr. Robertson, operated on Bailey to drain the cholestrol granuloma. Dr. Shea and Dr. Robertson, using a significantly different procedure than that utilized by Al-Mefty, found and drained a cholesterol granuloma from the right petrous apex. According to Bailey, their findings confirm that Al-Mefty had neither removed nor drained the cholesterol granuloma as originally thought.

## DISCUSSION

¶8. When reviewing the granting of summary judgment, we apply the de novo standard of review. *McCullough v. Cook*, 679 So.2d 627, 630 (Miss. 1996). Thus, we sit in the same position as did the trial court. In addition, statutory interpretation is a question of law, and we also review questions of law de novo. *Donald v. Amoco Prod. Co.,* 735 So. 2d 161, 165 (Miss. 1999). As such, we are not required to defer to the trial court's judgment or ruling. Therefore, in order to affirm the granting of summary judgment, we must decide that "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Miss. R. Civ. P. 56(c).

**I. WHETHER THE TRIAL COURT ERRED BY APPLYING THE TERMS AND PROVISIONS OF THE MISSISSIPPI TORT CLAIMS ACT.**

¶9. In essence, the case at bar concerns a difference in opinion over statutory application. On one hand, Bailey asserts that Miss. Code Ann. § 15-1-36 (Supp. 2001) is the controlling statutory scheme since the alleged malpractice occurred on July 26, 1990. Because the MTCA's effective date was not until April 1, 1993, Bailey argues that it cannot apply to an action based in fact upon events occurring long before that date, no matter when the injury was discovered. The contention is that the statute in effect at the time of the injury is determinative rather than the statute in effect at the time of discovery. In ***Kilgore v. Barnes***, 508 So. 2d 1042, 1044-45 (Miss. 1987), we held that "we may not give retroactive effect to newly enacted statutes of limitations shortening the period within which a claim arising prior to enactment must be brought." Bailey argues that the same reasoning precludes the application of the MTCA to the present case and demands the general medical malpractice statute be utilized. In pertinent part, Miss. Code Ann. § 15-1-36 states,

> except as otherwise provided in this section, no claim in tort may be brought against a licensed physician . . . for injuries or wrongful death arising out of the course of medical, surgical or other professional services unless it is filed within two (2) years from the date the alleged act, omission or neglect shall or with reasonable diligence might have been first known or discovered.

Since it is uncontested that Bailey could not have known of the alleged malpractice until April 5, 1995, he had until April 5, 1997, to file suit. As the complaint was filed on December 31, 1996, Bailey, therefore, was well within the prescribed statutory two-year limit.

¶10. At the same time, Al-Mefty contends that the MTCA and specifically Miss. Code Ann. § 11-46-11 (Supp. 2001), the statute of limitations therein, govern the present situation because Bailey's claims did not accrue until April 5, 1995, the date upon which he actually discovered the alleged malpractice. Since the MTCA became effective April 1, 1993, Al-Mefty asserts that Bailey's complaint was filed well into the authoritative reign of the MTCA and is subject to its provisions, including the one-year statute of limitations as defined in Miss. Code Ann. § 11-46-11. As authority for this position, Al-Mefty cites language contained in ***Jones v. Baptist Mem'l Hosp.-Golden Triangle, Inc.***, in which he believes this Court emphasized the date of accrual for statute of limitation purposes; "the intent of this Court is clear. If the statutory language mandates that the statute is to apply from and after passage, it is not to be applied to causes of action which accrued prior to passage of the statute." ***Jones v. Baptist Mem'l Hosp.-Golden Triangle, Inc.***, 735 So. 2d 993, 998 (Miss. 1999). Al-Mefty infers from this passage that causes of action which accrue after the MTCA's passage are subject to its provisions, and Bailey's claims accrued over two years after the passage of the MTCA. If Al-Mefty's interpretation is correct and the date of accrual determines which statutory scheme is controlling, then Bailey's claims would be time barred under the one year limit imposed by the MTCA. However, Al-Mefty draws conclusions not fully supported by the language of the ***Jones*** opinion. In addition, the MTCA's language dictates otherwise.

¶11. Since this case pivots on statutory interpretation, we are compelled to first examine the language of the statute in question.

> The primary rule of construction is to ascertain the intent of the legislature from the statute as a whole and from the language used therein. Where the statute is plain and unambiguous there is no room for construction, but where it is ambiguous the court, in determining the legislative intent, may look not

only to the language used but also to its historical background, its subject matter, and the purposes and objects to be accomplished.

*Clark v. State ex rel. Miss. State Med. Ass'n*, 381 So. 2d 1046, 1048 (Miss. 1980). As Bailey correctly points out, the MTCA clearly states, "[a]ll actions brought under the provisions of this chapter shall be commenced within one (1) year next after **the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based**." Miss. Code Ann. § 11-46-11(3) (Supp. 2001) (emphasis added). Furthermore, under the limitations on liability section, the MTCA refers to "claims or causes of action arising from acts or omissions **occurring** on or after . . ." various enumerated dates. Miss. Code Ann. § 11-46-15(1) (Supp. 2001). The language contained within the statute clearly puts the emphasis upon the date when the alleged tortious action occurred, rather than when it accrued. True, *Sweeny v. Preston*, 642 So. 2d 332, 334 (Miss. 1994); *Barnes v. Singing River Hosp.*, 733 So. 2d 199 (Miss. 1999); and *Jones,* 735 So. 2d at 998, do establish that the discovery rule is applicable to medical malpractice cases. As such, statutes of limitations do not begin to run until the injury is discovered. However, unlike Al-Mefty and the trial court, we do not believe these cases are instructive as to which statute of limitations should be used. For this, we need look no further then the language of the MTCA, which clearly states that it is to apply to actions occurring after April 1, 1993. In the present case, the tortious act occurred in 1990, three years before the effective date of the MTCA. Since the MTCA obviously does not apply to the present situation, the general medical malpractice statute, Miss. Code Ann. § 15-1-36 (Supp. 2001), must be controlling, leaving Bailey two years in which to file suit. Therefore, the trial court erred in holding the MTCA applicable, and we reverse accordingly.

### II. WHETHER THE TRIAL COURT ERRED BY DENYING THE MOTION FOR LEAVE TO AMEND THE COMPLAINT TO INCLUDE CLAIMS FOR FRAUDULENT CONCEALMENT AND FRAUDULENT MISREPRESENTATION.

¶12. Bailey also contends that the trial court erred by denying his motion for leave to amend the complaint to include claims for fraudulent concealment and fraudulent misrepresentation. Since we are reversing and remanding this case, we need not address this assignment of error. Upon remand, the parties may wish to file additional motions or pleadings, and we see no reason to hinder their ability to do so with a ruling on this issue.

### CONCLUSION

¶13. The trial court erred in granting summary judgment based on the one-year statute of limitations under Miss. Code Ann. § 11-46-11 (Supp. 2001). The MTCA is not applicable to claims arising from events occurring before its passage, and a plain reading of the statute dictates such a holding. Accordingly, Bailey's lawsuit was timely and deserves to be argued at trial. Therefore, we reverse the trial court's judgment and its holding as to the application of the MTCA and remand for proceedings in harmony with this opinion.

¶14. **REVERSED AND REMANDED**

**PITTMAN, C.J., BANKS AND McRAE, P.JJ., MILLS, WALLER AND EASLEY, JJ., CONCUR. SMITH J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY COBB, J.**

**SMITH, JUSTICE, DISSENTING:**

¶15. The majority opines that, because Bailey's injury occurred before the Mississippi Tort Claims Act was in effect, Miss. Code Ann. § 15-1-36 (2000) is applicable, and the two-year statute of limitation applies. This rationale is based on the assumption that the statute in effect at the time of the *injury* is determinative rather than the statute in effect at the time of *discovery*. As this Court has consistently held, discovery of an injury in a medical malpractice case is determinative of when the statute of limitation begins to run. Bailey's injury was *discovered* two years after the MTCA was in place, and therefore, the one year statute of limitation applies.

¶16. The majority focuses on the following language from Miss. Code Ann. § 11-46-11(3):

> All actions brought under the provisions of this chapter shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable *conduct* on which the liability phase of the action is based . . ."

¶17. Based on this language, the majority concludes that "the language contained within the statute clearly puts the emphasis upon the date when the alleged tortious action occurred, rather than when it accrued." However, as the majority correctly points out later in the opinion, this Court has consistently applied the discovery rule to Miss. Code Ann. § 11-46-11(3), which focuses on the date of discovery and not the date of conduct. The majority correctly notes that ***Sweeney v. Preston***, 642 So.2d 332, 334 (Miss. 1994), ***Barnes v. Singing River Hosp.***, 733 So.2d 199 (Miss. 1999), and ***Jones v. Baptist Mem'l Hosp-Golden Triangle, Inc.***, 735 So.2d 993, 998 (Miss. 1999) hold that the discovery rule is applicable to medical malpractice cases. As such, statutes of limitation do not begin to run until the injury is discovered. Consequently, after the majority correctly references this State's lengthy precedent, the majority then totally ignores our precedents and states that these cases are not instructive to the case at bar. I vehemently disagree. This is but an attempt to ignore and overrule precedent case law of this Court.

¶18. Bailey discovered his injury on April 5, 1995, two years after the MTCA was in place. Adhering to ***Sweeney, Barnes,*** and ***Jones***, and by applying the discovery rule to this case, Bailey had until April 5, 1996, to file his medical malpractice lawsuit. Unfortunately, Bailey did not file his lawsuit until December 31, 1996, which was over 8 months after the statute of limitations had run, and therefore, summary judgment was appropriate.

¶19. I respectfully dissent.

**COBB, J., JOINS THIS OPINION.**